JOHN P. FORT, administrator, plaintiff in error, *vs.* EDWARD L. STROHECKER, defendant in error.

A judgment against a garnishee, rendered after a full hearing, will not be set aside, on motion, because of any defect in the testimony to support the judgment, even though that testimony be a judgment against the principal debtor in a justice's court, which did not show on the face of the proceedings that the justice court had jurisdiction. The judgment against the garnishee is a valid subsisting judgment of a court which had jurisdiction, and in respect to that judgment the case is *res adjudicata,* and the grounds of objection to the defective judgment as evidence, should have been made and settled on the trial which resulted in the judgment against the garnishee, and when he had his day in court.

Judgments.    Garnishments.    Before Judge HILL.    Bibb Superior Court.    April Term, 1876.

Reported in the opinion.

John P. Fort, for plaintiff in error.

Washington Dessau; Hawkins & Hawkins, for defendant.

Jackson, Judge.

Strohecker sued one Clay in a justice's court in Sumter county, and recovered judgment against him.   Upon that judgment he garnished Fort, as administrator of Huguenin, in a justice's court in Bibb county.   Fort answered that he owed Clay as overseer, but the debt would not be due until the first of January, 1876.   The justice of the peace entered up judgment against Fort.   Fort appealed to the superior court of Bibb county; that court granted judgment against him to take effect on the first of January, 1876, which judg-ment Fort moved sometime afterward, in the said superior court, to set aside, on the ground that the justice court, which granted the original judgment against Clay in Sumter, had no jurisdiction, and that this fact appeared upon the face of the proceedings of that court.   The superior court refused to set aside the judgment; Fort excepted, and the refusal to set aside the judgment on the ground of the evidence of the defective judgment in Sumter, is the error assigned.

It will be seen that the question made resolves itself into this : whether, at a subsequent term of the court from that at which a judgment is rendered, it can be opened and set aside on motion, because the evidence was not sufficient to support it on the trial when it was rendered?   We think that the case was then *res adjudicata*, that the party had had his day in court, and to allow a judgment, once determined, to be re-opened in this way would be to dispense altogether with motions for new trial, and the restrictions which limit those motions, and to make litigation interminable.   It can surely make no difference that the evidence offered to sup-

port the judgment against the garnishee was a defective judgment against the principal debtor. It is the same as if it had been any other illegal evidence, and was passed upon by the court on the trial which resulted in the judgment against the garnishee.

Thus it is clear that the garnishee had *his* day in court, before a court of competent jurisdiction, which court decided against him, and to which he did not except, and which, therefore, concludes him—Code, §3588.

Judgment affirmed.